*Nelson v. New York City Transit Authority,*
*Department of Buses*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of The United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of September, two thousand twenty-four.

PRESENT:

> BARRINGTON D. PARKER,
> BETH ROBINSON,
>     *Circuit Judges*,
> VERNON D. OLIVER,
>     *District Judge.*[*]

————————————————————————

GERALD NELSON,

> *Plaintiff-Appellant*,

>     v.               No. 23-7923

NEW YORK CITY TRANSIT AUTHORITY, DEPARTMENT OF BUSES, (EAST NEW YORK

---

[*] Judge Vernon Dion Oliver, of the United States District Court for the District of Connecticut, sitting by designation.

DEPOT), TRANSPORTATION WORKERS UNION
LOCAL 100,

   *Defendants-Appellees*.

_____

FOR APPELLANT:       GERALD NELSON, *pro se*, Brooklyn, NY.

FOR APPELLEE NEW YORK CITY   NEIL H. ABRAMSON, Proskauer
TRANSIT AUTHORITY:     Rose LLP, New York, NY.

FOR APPELLEE TRANSPORTATION  JADE L. MORRISON, Colleran
WORKERS UNION LOCAL 100:   O'Hara & Mills L.L.P., Woodbury, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kovner, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Representing himself, plaintiff Gerald Nelson sued the New York City Transit Authority, Department of Buses (the "Transit Authority") in state court, citing violations of § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185. A bus operator hired for a one-year probationary period expiring in February 2022, Nelson alleged that he was made to sign a stipulation that extended the probationary period, in violation of various rules and regulations. He

2

protested, but Transportation Workers Local 100 (the "Union") did not help him—allegedly in violation of its duty of fair representation—and he was eventually fired without prior notice or cause.

The case was removed to federal court. At an initial conference in anticipation of a motion to dismiss, the magistrate judge explained to Nelson that he appeared to be bringing a "hybrid" § 301/duty of fair representation claim. Counsel for the Transit Authority advanced its view that the Authority could not be sued under the LMRA and commented on Nelson's ability to bring a New York Taylor Law claim (N.Y. Civ. Serv. Law §§ 200, *et seq.*) instead. Nelson responded that he was familiar with Taylor Law claims and his other options under state and federal law. However, Nelson's eventual amended complaint did not add a Taylor Law claim.

The Transit Authority and the Union moved to dismiss. The magistrate judge recommended dismissal, reasoning that Nelson failed to state a viable hybrid claim because the MTA was a political subdivision excluded from the reach of the LMRA; his duty of fair representation claim, which was derivative of his LMRA claim, failed as well. *Nelson v. New York City Transit Authority, Department of Buses (East New York Depot)*, No. 22-cv-6112, 2023 WL 5979174, at *4–5 (E.D.N.Y.

3

Aug. 7, 2023) (Bloom, Mag.). The magistrate judge observed that Nelson had not added a Taylor Law claim to his amended complaint despite being on notice of that option. *Id.* at *5 n.9.

The district court adopted the report and recommendation over Nelson's objections. *Nelson v. New York City Transit Authority, Department of Buses (East New York Depot)*, No. 22-cv-6112, 2023 WL 6370773, at *3 (E.D.N.Y. Sept. 29, 2023). After the court denied a subsequent motion under Fed. R. of Civ. P. 60(b), Nelson appealed. We assume the parties' familiarity with the remaining facts, the issues, and the procedural history.

Our review of an order dismissing a complaint under Fed. R. Civ. P. 12(b)(6) is de novo—that is, without any deference to the district court—and ordinarily assesses whether the facts of the complaint, taken as true and with all reasonable inferences drawn in the plaintiff's favor, states a plausible claim to relief. *Noto v. 22nd Century Group, Inc.*, 35 F.4th 95, 102 (2d Cir. 2022). Since Nelson has represented himself throughout, his filings are liberally construed to raise the strongest arguments they suggest. *Sharikov v. Philips Medical Systems MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

Despite this liberal construction, however, Nelson does not raise any challenge in his brief to the district court's determination that he could not state a hybrid § 301/duty of fair representation claim because he is a public employee. We generally will not reach issues or argument that a pro se litigant abandons, and we decline to do so here. *See Green v. Department of Education of City of New York*, 16 F.4th 1070, 1074 (2d Cir. 2021).[1]

Instead, Nelson challenges the district court's jurisdiction; for instance, he argues that his complaint was fraudulently removed to federal court. But a complaint can be removed to federal court if it could have been brought there in the first place, *see* 28 U.S.C. § 1441(a), and federal question jurisdiction exists for "all civil actions arising under the Constitution, laws, or treaties of the United States," 28 U.S.C. § 1331. In deciding whether to remove a case, a court looks to

---

[1] If we reached the question, we would reach substantially the same conclusion as the district court and magistrate judge. In particular, we agree that Nelson could not, as a public employee, pursue his hybrid claim under the National Labor Relations Act ("NLRA") as amended by the Labor Management Relations Act ("LMRA"). Employees of political subdivisions of a state are not covered by the NLRA, as amended by the LMRA. *Green v. Department of Education of City of New York*, 16 F.4th 1070, 1075 (2d Cir. 2021). The Metropolitan Transportation Authority ("MTA") is a political subdivision of New York state. *See Rose v. Long Island R.R. Pension Plan*, 828 F.2d 910, 915 (2d Cir. 1987) (concluding, in context of a different federal statute that the MTA is a political subdivision of New York state). And, because Nelson's duty of fair representation claim is derivative of his § 301 claim against the employer, it too fails. *See Jusino v. Federation of Catholic Teachers, Inc.*, 54 F.4th 95, 101 (2d Cir. 2022).

the face of the complaint to see if "plaintiff's statement of his own cause of action shows that it is based on federal law." *Romano v. Kazacos*, 609 F.3d 512, 518 (2d Cir. 2010) (internal quotation marks omitted). Nelson's complaint explicitly relied on § 301—a federal statute. That gave the federal court jurisdiction and made removal proper. The fact that he can't actually state a hybrid claim under § 301 relates to the merits of his claim, not the district court's jurisdiction to decide it. *See Green*, 16 F.4th at 1076. Thus, his complaint was removable even before he amended it.

\* \* \*

We have considered Nelson's remaining arguments and conclude they are without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6